N.Y.S.D. Case # 09-cv-9332(ER)

13-0796-cv
Castagna v. Luceno

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 5th day of March, two thousand fourteen.

PRESENT:
    DEBRA ANN LIVINGSTON,
    RAYMOND J. LOHIER, JR.,
        *Circuit Judges*,
    SIDNEY H. STEIN,[*]
        *District Judge*.

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: March 05, 2014
```

PATRICIA CASTAGNA, NICK SARRACCO,
    *Plaintiffs-Appellants*,

    - v. -        No. 13-0796-cv

BILL LUCENO, MAJESTIC KITCHENS, INC.,
    *Defendants-Appellees*.

    E. CHRISTOPHER MURRAY, Ruskin Moscou Faltischek, P.C., Uniondale, N.Y., *for Plaintiffs-Appellants*.

    COSTANTINO FRAGALE, Mamaroneck, N.Y., *for Defendants-Appellees* (*on submission*).

---

[*] The Honorable Sidney H. Stein, United States District Judge for the Southern District of New York, sitting by designation.

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED IN PART** and **VACATED AND REMANDED IN PART.**

Plaintiffs-Appellants Patricia Castagna and Nick Sarracco appeal from the judgment of the United States District Court for the Southern District of New York entered February 4, 2013, insofar as that judgment made reviewable on appeal: (1) a February 4, 2013 order (Ramos, *J.*) granting Defendants-Appellees' motion for summary judgment as to Castagna's sex discrimination claims; and (2) an April 26, 2011 order (Seibel, *J.*) granting Defendants-Appellees' motion to dismiss Sarracco's retaliation claims. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.[1]

**I. CASTAGNA'S SEX DISCRIMINATION CLAIMS**

We review *de novo* the district court's grant of summary judgment on Castagna's claims that she was subjected to a hostile work environment and constructively discharged in violation of Title VII of the Civil Rights Act of 1964 and the New York State Human Rights Law ("NYSHRL").[2] *See Redd v. N.Y. State Div. of Parole*, 678 F.3d 166, 174 (2d Cir. 2012).

**A. Hostile Work Environment.** — Based on the evidence in the record, a reasonable jury could conclude that Castagna's workplace was "permeated with discriminatory intimidation, ridicule, and insults, [which were] sufficiently severe or pervasive to alter the conditions of her employment," *see Petrosino v. Bell Atlantic*, 385 F.3d 210, 223 (2d Cir. 2004) (alteration and

---

[1] We address Castagna's remaining argument on appeal in an opinion filed concurrently with this summary order.

[2] Because claims pursuant to these two statutes "require the same standard of proof," *see Leopold v. Baccarat, Inc.*, 174 F.3d 261, 264 n.1 (2d Cir. 1999), we discuss the substance of Castagna's federal and state discrimination claims interchangeably.

quotation marks omitted), and that a hostile work environment existed because of Castagna's sex, *see Brown v. Henderson*, 257 F.3d 246, 252 (2d Cir. 2001).

First, "the record, taken in the light most favorable to" Castagna, *see Redd*, 678 F.3d at 169, contains evidence that Luceno directed physical threats at three female employees, including Castagna, on separate occasions, but he never physically threatened men. Under our precedents, such evidence of physical threats is highly probative of the severity of the alleged hostile work environment. *See, e.g., Kaytor v. Elec. Boat Corp.*, 609 F.3d 537, 550 (2d Cir. 2010) (the district court erred in failing "to take into consideration . . . physical threats"); *Cruz v. Coach Stores, Inc.*, 202 F.3d 560, 571 (2d Cir. 2000) (the "physically threatening nature" of an employer's actions brought the "case over the line separating merely offensive or boorish conduct from actionable" conduct). The lack of any evidence that Luceno physically threatened men — as opposed to women — supports a reasonable inference that Luceno singled out women for physical threats because of their sex. *See Brown*, 257 F.3d at 252.

Second, the record is replete with evidence that Luceno's most extreme outbursts were directed at women. A reasonable jury would be entitled to conclude that such comments — at least in conjunction with the evidence of physical threats — were either "sufficiently severe *or* sufficiently pervasive . . . to have altered [Castagna's] working conditions." *See Redd*, 678 F.3d at 175. Given the gender-explicit content of several of these outbursts, including but not limited to referring to other women as "bitch[es]," the district court erred in concluding that no reasonable jury could find that Castagna was subjected to a hostile work environment because of her sex.

Defendants-Appellees' alternate arguments for affirmance fail. First, any failure by Castagna to mitigate damages would not by itself bar her

recovery of compensatory damages for emotional distress. The authorities that Defendants-Appellees cite stand only for the proposition that a plaintiff may forfeit backpay if she fails to mitigate damages. *See* 42 U.S.C. § 2000e-5(g)(1) (providing that "back pay," but not other forms of relief, shall be "reduce[d]" by "[i]nterim earnings or amounts earnable with reasonable diligence"); *Ford Motor Co. v. EEOC*, 458 U.S. 219 (1982) (construing § 2000e-5(g) as creating a duty to mitigate "backpay" damages); *see also Broadnax v. City of New Haven*, 415 F.3d 265, 268 (2d Cir. 2005) (discussing Title VII's "duty to mitigate" in relation only to a "lost wages award"); *Dailey v. Societe Generale*, 108 F.3d 451, 454 (2d Cir. 1997) (noting that the defendant in that case moved to set aside only a "back pay damage award" for plaintiff's alleged failure to mitigate damages).

Second, in light of Castagna's deposition testimony and her production of a form authorizing counsel for Defendants-Appellees to obtain her unemployment file, Defendants-Appellees have not met their "burden to demonstrate that . . . [Castagna] made no reasonable effort to find" suitable work. *See Greenway v. Buffalo Hilton Hotel*, 143 F.3d 47, 53 (2d Cir. 1998).

Finally, absent any finding by the district court that Castagna acted "with a culpable state of mind" in destroying any relevant evidence, *cf. Byrnie v. Town of Cornwell*, 243 F.3d 93, 109 (2d Cir. 2001), and because "outright dismissal of [a] lawsuit" as a sanction for spoliation "should be imposed only in extreme circumstances, usually after consideration of alternative, less drastic sanctions," *see West v. Goodyear Tire & Rubber Co.*, 167 F.3d 776, 780 (2d Cir. 1999), we decline to impose that sanction in the first instance.

We accordingly vacate the district court's grant of summary judgment on Castagna's hostile work environment claim pursuant to Title VII as to

4

Defendant-Appellee Majestic Kitchens, Inc.,[3] and her parallel claim pursuant to the NYSHRL as to both Defendants-Appellees.

**B. Constructive Termination.** — The district court granted summary judgment for Defendants-Appellees as to Castagna's constructive discharge claims solely on the ground that Castagna failed to establish the lesser standard for a hostile work environment claim. In light of our disposition regarding Castagna's hostile work environment claims, we vacate the dismissal of Castagna's constructive discharge claims and remand for the district court to reconsider those claims in the first instance. *See Aulicino v. N.Y.C. Dep't of Homeless Servs.*, 580 F.3d 73, 85 (2d Cir. 2009).

## II. SARRACCO'S RETALIATION CLAIM

We review *de novo* the district court's grant of Defendants-Appellees' motion to dismiss Sarracco's Title VII and NYSHRL retaliation claims. *See Famous Horse Inc. v. 5th Ave. Photo Inc.*, 624 F.3d 106, 108 (2d Cir. 2010).

As an initial matter, Sarracco's notice of appeal in this court was timely. *See* 10 Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure* § 2654 (3d ed. updated 2013) ("Absent a certification under Rule 54(b) any order in a multiple-party . . . action, even if it appears to adjudicate a separable portion of the controversy, is interlocutory.").

In his opening brief on appeal, Sarracco never addressed the specific ground on which the district court dismissed his retaliation claims, namely that his charge filed with the U.S. Equal Employment Opportunity Commission failed to put that entity on notice of the fact that the alleged discrimination was gender-based. Sarracco therefore abandoned any challenge to the district court's dismissal of his retaliation claims. *See JP*

---

[3] On appeal, Castagna does not challenge the district court's dismissal of her Title VII claim against defendant Luceno on the ground that "individuals are not subject to liability under Title VII." *See Sassaman v. Gamache*, 566 F.3d 307, 315 (2d Cir. 2009).

*Morgan Chase Bank v. Altos Hornos de Mexico, S.A. de C.V.*, 412 F.3d 418, 428 (2d Cir. 2005). We accordingly affirm the district court's dismissal of Sarracco's retaliation claims.

**III. CONCLUSION**

      We have considered the parties' remaining arguments and conclude that they lack merit. For the foregoing reasons and those explained in the opinion filed concurrently with this order, the judgment of the district court is affirmed in part and vacated and remanded in part. The case is remanded for further proceedings consistent with this order.

                                    FOR THE COURT:
                                    CATHERINE O'HAGAN WOLFE, CLERK



A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit

13-0796-cv
Castagna v. Luceno

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

August Term 2013

(Submitted: December 4, 2013    Decided: March 5, 2014)

Docket No. 13-0796-cv

PATRICIA CASTAGNA, NICK SARRACCO,

*Plaintiffs-Appellants*,

— v. —

BILL LUCENO, MAJESTIC KITCHENS, INC.,

*Defendants-Appellees*.

Before:  LIVINGSTON, LOHIER, *Circuit Judges*, and STEIN, *District Judge*.[*]

    Patricia Castagna appeals from an order of the United States District Court for the Southern District of New York (Cathy Seibel, *Judge*) dismissing Castagna's state-law tort claims as time-barred. We join the Seventh and Ninth Circuits in holding as a matter of federal law that filing a charge of discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC") does not toll the limitations period for state-law tort claims, even for those claims arising out of the same factual circumstances as the discrimination alleged in

---

[*] The Honorable Sidney H. Stein, United States District Judge for the Southern District of New York, sitting by designation.

the EEOC charge. We accordingly **AFFIRM** the district court's dismissal of Castagna's tort claims.

---

>E. CHRISTOPHER MURRAY, Ruskin Moscou Faltischek, P.C., Uniondale, N.Y., *for Plaintiffs-Appellants*
>
>COSTANTINO FRAGALE, Mamaroneck, N.Y., *for Defendants-Appellees* (*on submission*).

---

SIDNEY H. STEIN, *District Judge*:

Patricia Castagna, a former employee of Majestic Kitchens, Inc., appeals from an order of the United States District Court for the Southern District of New York (Cathy Seibel, *Judge*) dismissing Castagna's state-law tort claims as time-barred. Castagna contends that the statute of limitations applicable to her tort claims against both Majestic and her former boss, Bill Luceno, was tolled by her filing of a charge of discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC").

Our Court has not previously determined whether filing an EEOC charge tolls the statute of limitations for state tort claims arising from the same nucleus of facts as underlie the EEOC charge. We now join the U.S. Courts of Appeals for the Seventh and Ninth Circuits in holding as a matter of federal law that filing an EEOC charge does not toll the limitations period for state-law tort claims, even if those claims arise out of the same factual circumstances as the discrimination

2

alleged in the EEOC charge. We accordingly affirm the district court's dismissal of Castagna's tort claims.[1]

**I. BACKGROUND**

Castagna worked as an accountant, and later as a receptionist, at Majestic Kitchens, Inc. in Mamaroneck, New York from April 1, 2005 until she resigned on July 9, 2008. Bill Luceno, majority owner of Majestic, supervised Castagna in both roles.

Castagna alleges that during her tenure Luceno regularly subjected women to an "abusive . . . work environment characterized by lewd, racial and sexual comments and innuendos, profanity, offensive physical contact and other inappropriate behavior." Luceno allegedly yelled at female employees, including Castagna, "in a manner that appalled virtually all of the other employees," and some of Majestic's customers as well. Male employees, Castagna claims, "were not subjected to the same treatment or public abuse."

On July 9, 2008, with the receptionist's desk understaffed, Luceno asked Castagna to cut short her lunch in order that she could "cover[] the front desk telephone." According to Castagna's complaint, when Castagna asked for compensatory time in exchange, Luceno "blew up," "scream[ing]" and "swearing," and "shoved" Castagna's computer monitor at her. Fearing "for her personal and physical

---

[1] We address Castagna's remaining arguments on appeal, as well Sarracco's arguments, in a summary order filed concurrently with this opinion.

3

safety," Castagna promptly resigned from Majestic. Soon thereafter, she filed a police report over "what Luceno had done to her that day."

Approximately 3 ½ months later, Castagna filed a charge of discrimination with the EEOC, alleging, as relevant here, employment discrimination because of her sex. Castagna's charge described Luceno's shoving of the computer monitor, among other episodes. After receiving a right-to-sue letter from the EEOC on August 14, 2009, *see* 42 U.S.C. § 2000e-5(f)(1), Castagna commenced this action by filing a complaint in federal district court on November 9, 2009.

The complaint alleges, *inter alia*, that Luceno and Majestic subjected Castagna to a hostile work environment and constructively discharged her, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* and the New York State Human Rights Law, N.Y. Exec. Law § 290 *et seq.*, and that defendants are liable for the torts of intentional infliction of emotional distress ("IIED"), assault, and battery, in violation of New York law. The IIED claim is based on Luceno's ongoing course of harassment, and the assault and battery claims are premised specifically on the incident involving the computer monitor.

On defendants' motion, the district court dismissed the three New York tort claims as barred by the applicable one-year New York state statute of limitations, N.Y. C.P.L.R. § 215(3). It rejected Castagna's argument that the statute of limitations for the state-law claims, which arose from the same set of facts as her discrimination claims, was tolled by her EEOC filing.

4

## II. ANALYSIS

Castagna does not dispute that absent tolling of the statute of limitations, her New York tort claims — filed more than one year after her last date of employment — were untimely. *See* N.Y. C.P.L.R. § 215(3); *Goldner v. Sullivan, Gough, Skipworth, Summers & Smith*, 482 N.Y.S.2d 606 (App. Div. 1984). The only question is whether, as a matter of either federal or New York law, those claims were tolled by her filing of an EEOC charge. We review *de novo* a district court's grant of a motion to dismiss, including "legal conclusions" concerning the court's "interpretation and application of a statute of limitations." *See City of Pontiac Gen. Emps.' Ret. Sys. v. MBIA, Inc.*, 637 F.3d 169, 173 (2d Cir. 2011). We now consider Castagna's arguments in turn.

### A. Federal Tolling

Castagna principally contends that, were the statute of limitations for state tort claims not tolled pending the EEOC's consideration of a charge of discrimination, to preserve her claims, a litigant would be forced first to bring a tort case in state court "and later bring a federal, discrimination related claim in federal court . . . with an identical set of facts," thereby "thwart[ing] . . . the judicial efficiency encouraged by the grant of supplemental jurisdiction . . . in 28 U.S.C. § 1367" (quoting *Forbes v. Merrill Lynch, Fenner & Smith, Inc.*, 957 F. Supp. 450 (S.D.N.Y. 1997)). Such a state of affairs, the argument continues, would also "substantially undermine" one of the central "purposes of Title VII, which affords the EEOC the opportunity to . . . facilitate dispute resolution prior to the commencement of litigation"

5

(quoting *Brown v. Bronx Cross Cnty. Med. Grp.*, 834 F. Supp. 105, 111 (S.D.N.Y. 1993) (citing 42 U.S.C. § 2000e-5(b))). In short, Castagna's position is that judicial efficiency mandates tolling of the relevant statutes of limitations for state tort claims once a charge of discrimination is filed with the EEOC.

The Seventh and Ninth Circuits — the only two federal courts of appeals that appear to have considered the issue — have rejected similar arguments regarding tolling of state tort claims. *See Juarez v. Ameritech Mobile Commc'ns, Inc.*, 957 F.2d 317, 323 (7th Cir. 1992); *Arnold v. United States*, 816 F.2d 1306, 1313 (9th Cir. 1987). So, too, have the "vast majority" of district court decisions in this circuit. *See Kolesnikow v. Hudson Valley Hosp. Ctr.*, 622 F. Supp. 2d 98, 122 & n.19 (S.D.N.Y. 2009) (collecting cases).

The U.S. Supreme Court's decision in *Johnson v. Railway Express Agency, Inc.*, 421 U.S. 454 (1975), supports the determinations of those courts. *Johnson* held that the filing of a charge of discrimination with the EEOC does not toll "the period of limitation applicable to an action based on the same facts, instituted under 42 U.S.C. § 1981." *See id.* at 455.[2] The Supreme Court acknowledged that without tolling, once a discrimination charge was lodged with the EEOC, a "civil rights complainant who values his § 1981 claim" would often be "press[ed] . . . into court before the EEOC has completed its

---

[2] Because 42 U.S.C. § 1981 does not contain a specific statute of limitations, "the controlling period would ordinarily be the most appropriate one provided by state law." *Id.* at 462.

6

administrative proceeding." *Id.* at 465. Nonetheless, the Court determined that there was no tolling of the statute because Title VII and section 1981 were two separate statutes providing for different remedies. As Justice Blackmun wrote for the majority, "Congress clearly . . . retained § 1981 as a remedy against private employment discrimination separate from and independent of the more elaborate and time-consuming procedures of Title VII." *See id.* at 466. And "[t]he fact that [a claimant's] slumber may have been induced by faith in the adequacy of [the] Title VII remedy is of little relevance" to tolling "inasmuch as the two remedies are truly independent." *See id.*

Castagna attempts to distinguish *Johnson* on the ground that that action involved exclusively federal causes of action — specifically Title VII of the Civil Rights Act of 1964 and 42 U.S.C. § 1981. She argues that, unlike Johnson, to preserve all of her claims she "would have had to bring a separate state court action first and then a federal court action" once her Title VII claim had ripened.[3] Castagna's argument that her dilemma differs in kind from Johnson's is unavailing. First, as the Ninth Circuit has recognized, although EEOC proceedings "often are beneficial" in resolving workplace disputes, *Johnson* "held, nonetheless, that Congress did not intend for these proceedings to delay independent avenues of redress." *See Arnold*, 816 F.2d at 1313. Second,

---

[3] Castagna is incorrect in assuming that she was able to file a Title VII action only in federal court. *See Yellow Freight Sys., Inc. v. Donnelly*, 494 U.S. 820, 821 (1990) (holding that "Congress did not divest the state courts of their concurrent authority to adjudicate" Title VII claims).

as in *Johnson*, a plaintiff who in the future finds herself in Castagna's situation "may ask [a] court to stay proceedings" in the initial action "until the [EEOC's] administrative efforts . . . have been completed." *See Johnson*, 421 U.S. at 465. Although such a stay procedure is "perhaps not a highly satisfactory" response to Castagna's plight, "the fundamental answer to [her] argument lies in the fact" that she always had "an unfettered right" to pursue her tort claims. *See id.* at 466. Notably, Castagna does not urge that she could not have brought those claims within the applicable statute of limitations. She simply failed to do so.

Moreover, contrary to Castagna's impermissibly narrow reading of *Johnson*, the Court's reasoning against tolling encompassed more than the federal statute there at issue, 42 U.S.C. § 1981:

> Despite Title VII's range and its design as a comprehensive solution for the problem of invidious discrimination in employment, the aggrieved individual clearly is not deprived of other remedies he possesses and is not limited to Title VII in his search for relief. The legislative history of Title VII manifests a congressional intent to allow an individual to pursue independently his rights under both Title VII and *other applicable state and federal statutes*.

*Id.* at 459 (alteration and quotation marks omitted) (emphasis added). For that reason, following *Johnson*, the Seventh Circuit rejected an employee's argument that the "Illinois statute of limitations" applicable to an invasion of privacy claim "was tolled by [an employee's] timely filing of a discrimination charge with the [EEOC]." *See Juarez*, 957 F.2d at 322. The Ninth Circuit similarly concluded that "federal policy [did not] mandate equitable tolling" of the California statute of limitations

applicable to "common law tort claims" arising from the same facts as an employee's Title VII claim during the time that an EEOC charge was pending. *See Arnold*, 816 F.2d at 1308, 1313.

In short, there is no basis for concluding that Congress intended that a civil rights claimant should be entitled to delay filing any state tort claims during the EEOC's consideration of a charge of discrimination. We therefore join the Seventh and Ninth Circuits in holding as a matter of federal law that filing an EEOC charge does not toll the time for filing state tort claims, including those that arise out of the same nucleus of facts alleged in the charge of discrimination filed with the EEOC.

### B. New York Tolling

Castagna also contends that New York law mandates tolling of the time in which to file her state tort claims, again because of the pendency of her EEOC charge. None of the state-law tolling arguments that Castagna now presses on appeal were presented to the district court. We therefore consider those arguments forfeited. *See, e.g.*, *Katel Ltd. Liab. Co. v. AT & T Corp.*, 607 F.3d 60, 68 (2d Cir. 2010). We accordingly need not — and do not — decide whether, pursuant to New York law, there may be some ground for tolling of state tort claims during the pendency of an EEOC charge.

### III. CONCLUSION

Because Congress did not intend for the filing of a charge of discrimination with the EEOC to toll the statute of limitations applicable

9

to state tort claims, we now join the Seventh and Ninth Circuits in concluding that lodging a charge of discrimination with the EEOC does not toll those state claims. For that reason, and because Castagna did not preserve for appeal any argument in favor of state-law tolling, we affirm the district court's order dismissing Castagna's tort claims as time-barred.